**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4619**

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

JOHN JOEL FOSTER, a/k/a Jack Foster,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap.  James P. Jones, District Judge.  (2:09-cr-00017-JPJ-PMS-1)

_____

Submitted:  May 3, 2013               Decided:  May 13, 2013

_____

Before AGEE and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Rhonda Lee Overstreet, OVERSTREET SLOAN, PLLC, Bedford, Virginia, for Appellant.  Timothy J. Heaphy, United States Attorney, Ashley B. Neese, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After the district court concluded that two of John Joel Foster's three previous felony convictions were not violent felonies for purposes of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1) (2006), the Government appealed. We agreed with the Government, ruling that Foster's prior convictions "necessarily . . . qualify as violent felonies under the ACCA," and remanded the case for resentencing. United States v. Foster, 662 F.3d 291, 297 (4th Cir. 2011).[*] The Supreme Court denied certiorari. Foster v. United States, 133 S. Ct. 207 (2012).

On remand, the district court sentenced Foster to the fifteen-year mandatory minimum required by the ACCA. Foster now appeals his fifteen-year sentence, alleging that both we and the district court erred in concluding, under the modified categorical approach, that his prior convictions were violent felonies for purposes of the ACCA.

As the Government observes, the mandate rule precluded the district court from addressing the argument that Foster now raises. The mandate rule is "a specific application of the law

_____

[*] Foster petitioned for rehearing en banc but narrowly failed to persuade a majority of this court's active judges to vote in favor of rehearing. His petition was, as a result, denied. United States v. Foster, 674 F.3d 391, 391 (4th Cir. 2012).

2

of the case doctrine" to cases on remand following an appeal. Volvo Trademark Holding Aktiebolaget v. Clark Mach. Co., 510 F.3d 474, 481 (4th Cir. 2007). It "compels compliance on remand with the dictates of a superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court." United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993). Here, of course, we ruled that Foster's prior convictions were "necessarily" violent felonies and that the ACCA therefore applied. Foster, 662 F.3d at 297. Because the proper characterization of Foster's previous convictions was not an issue remanded to the district court, the district court had no authority to revisit that determination. Foster's current appellate arguments therefore attack the district court for a ruling that it has not made.

To the extent that Foster urges us to revisit our earlier decision, the panel's holding "became, for all practical purposes, the law of the case" when the Supreme Court denied certiorari. United States v. Fulks, 683 F.3d 512, 521 (4th Cir. 2012), petition for cert. filed, ___ U.S.L.W. ___ (U.S. Nov. 21, 2012) (Nos. 12-8364, 12A248). And "as a practical matter, once the decision of an appellate court establishes the law of the case, it must be followed in all subsequent proceedings in the same case in the trial court *or on a later appeal*." United States v. Aramony, 166 F.3d 655, 661 (4th Cir. 1999) (internal

quotation marks omitted) (emphasis added).  In other words, "the doctrine of law of the case restricts a court to legal decisions it has made on the same issues in the same case."  MacDonald v. Moose, 710 F.3d 154, 161 n.10 (4th Cir. 2013).

We are not persuaded that exceptional circumstances warrant sidestepping the usual operation of the doctrine in this case.  See United States v. Pileggi, 703 F.3d 675, 682-83 (4th Cir. 2013); Aramony, 166 F.3d at 661.  See also Sejman v. Warner-Lambert Co., 845 F.2d 66, 69 (4th Cir. 1988) ("Clearly, courts could not perform their duties satisfactorily and efficiently if a question once considered and decided were to be litigated anew in the same case upon any and every subsequent appeal." (internal quotation marks and ellipses omitted)).

Accordingly, we affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED